**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No. 87-CR-80933-08

v.                                               Hon. Gerald E. Rosen

JERRY LEE GANT,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       November 9, 2010

PRESENT:  Honorable Gerald E. Rosen
                    Chief Judge, United States District Court

By *pro se* motion filed on March 14, 2008, as supplemented by briefs filed by counsel on his behalf on September 14 and November 4, 2009, Defendant Jerry Lee Gant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing the recent Amendment 706 to the United States Sentencing Guidelines that reduced the offense levels applicable to crack cocaine offenses. The Government filed an initial response in opposition to Defendant's motion on September 16, 2009, as well as a supplemental response on December 22, 2009. Having reviewed the parties' submissions in support of and opposition to Defendant's motion, and having addressed this matter at a September 17, 2009 hearing at which Defendant was represented by counsel, the Court is now

prepared to rule on this motion. For the reasons stated below, the Court finds that Defendant's motion must be denied.

As Defendant and his counsel recognize, Defendant's 360-month sentence — as well as his underlying 360-months-to-life Sentencing Guideline range as computed at sentencing — "was based on the fact that he was found to be a career offender." (Defendant's 9/14/2009 Suppl. Br. at 2.) Under binding Sixth Circuit precedent, "a district court may not grant a motion for a reduction in sentence premised upon Amendment 706 if the defendant seeking the reduction was originally sentenced as a career offender." *United States v. Perdue,* 572 F.3d 288, 292 (6th Cir. 2009); *see also United States v. Bridgewater,* 606 F.3d 258, 260-61 (6th Cir. 2010); *United States v. Gillis,* 592 F.3d 696, 699 (6th Cir. 2009). Consequently, Defendant's appeal to 18 U.S.C. § 3582(c)(2) as a basis for reducing his sentence is unavailing, as his 360-month sentence does not satisfy a prerequisite set forth in the plain language of the statute itself — namely, that the sentence at issue must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See Gillis,* 592 F.3d at 699; *Perdue,* 572 F.3d at 292.

In an effort to avoid this result, Defendant suggests that the sentencing judge, the Honorable Richard F. Suhrheinrich, erred in determining that he was a career offender, where his two prior drug convictions purportedly were for possession offenses that do not count toward career offender status under the pertinent Sentencing Guideline provisions. Yet, as the Sixth Circuit recently explained:

> [W]e emphatically agree that § 3582(c)(2) is not an "open door" that allows any conceivable challenge to a sentence. Under § 3582(c)(2), a prisoner may move the court to recalculate his sentence pursuant to the new guideline, using the factors that were determined at the time of the original sentencing. The prisoner may not use § 3582(c)(2) as a means of challenging those factors.

*United States v. Metcalfe,* 581 F.3d 456, 459 (6th Cir. 2009); *see also Dillon v. United States,* 130 S. Ct. 2683, 2694 (2010) (explaining that § 3582(c)(2) authorizes only "a sentence reduction within the narrow bounds established by the [Sentencing] Commission," under which a district court is instructed to "substitute the amended Guidelines range for the initial range" and to otherwise "leave all other guideline application decisions unaffected" (internal quotation marks and citation omitted)). Accordingly, Defendant may not invoke § 3582(c)(2) as a vehicle for challenging Judge Suhrheinrich's determination at Defendant's 1989 sentencing that he should be sentenced as a career offender.

To be sure, Defendant and his counsel observe that Defendant previously sought to raise this sentencing issue in the course of one of the several proceedings he has commenced under 28 U.S.C. § 2255. Specifically, while Defendant did not challenge his career offender designation on direct appeal or in either of his first two § 2255 petitions filed with this Court, he raised this issue on appeal from this Court's December 14, 1994 denial of his second § 2255 petition as an abuse of the writ. *See Gant v. United States,* 64 F.3d 663, 1995 WL 496650, at *1 (6th Cir. Aug. 18, 1995) (noting that Defendant had argued as a "new issue[]" on appeal that his "counsel was ineffective in addressing . . .

3

[his] classification as a career criminal"). The Sixth Circuit held that Defendant had not shown the requisite "cause and prejudice to excuse his failure to raise [this claim] in his original [§ 2255] motion," where "regardless of the [sentencing] court's or counsel's actions in this area, the applicable sentencing guideline range would not have changed." *Gant,* 1995 WL 496650, at *2. In Defendant's view, he should now be entitled to revisit this issue because, in light of Amendment 706, it is no longer true that his sentencing guideline range would be the same whether he was sentenced under the guidelines for drug offenses or under the career offender guideline.[1]

Yet, nothing in this arguable change in circumstances since the Sixth Circuit's 1995 decision aids Defendant in surmounting the legal obstacle he confronts here — namely, that the statute upon which he relies, § 3582(c)(2), simply does not authorize the Court to reconsider Judge Suhrheinrich's decision to sentence him as a career offender. Defendant has not identified any other statutory or procedural basis for the Court to revisit this issue,[2] and the Court likewise is unaware of any. In the absence of any

---

[1]As the Government points out, there is reason to question the premise underlying this argument — namely, that the application of Amendment 706 would necessarily result in a lower guideline range than the 360-months-to-life range computed at Defendant's sentencing. On appeal from this Court's denial of Defendant's second § 2255 petition, the Sixth Circuit observed that "there was ample evidence to charge [Defendant] with 15 kilograms of crack cocaine." *Gant,* 1995 WL 496650, at *2. This quantity, in turn, would continue to trigger the highest crack cocaine base offense level (38), which, coupled with the upward adjustments applied at sentencing, would not reduce the 360-months-to-life range used by Judge Suhrheinrich to determine Defendant's sentence.

[2]In his post-hearing supplemental brief, Defendant seeks to draw an analogy to the Supreme Court's decision in *Stewart v. Martinez-Villareal,* 523 U.S. 637, 644-45, 118 S. Ct. 1618, 1622 (1998), in which the Court held that respondent Martinez-Villareal was not required

4

identified authority for this Court to revisit Judge Suhrheinrich's determinations at Defendant's 1989 sentencing, or to reopen or reconsider a successive § 2255 motion it decided long ago — much less to revisit a Sixth Circuit ruling affirming this Court's disposition of this motion — the Court finds that Defendant has failed to establish an entitlement to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's November 4,

---

to seek permission under 28 U.S.C. § 2244(b) to file a "second or successive" habeas petition because all of the claims he had advanced in his earlier petitions had been dismissed as either unexhausted or premature. In this case, however, Defendant had a full and fair opportunity to raise any desired challenges to his conviction or sentence in his first petition brought under 28 U.S.C. § 2255, and each claim advanced in this petition unquestionably was addressed and decided on the merits. Unlike the defendant in *Martinez-Villareal,* then, Defendant must establish an entitlement to a second bite of the habeas apple. Indeed, this somewhat understates the obstacle he faces, because he failed to advance his career offender challenge in his ***second*** § 2255 petition as well, raising this issue for the first time ***on appeal*** from this Court's denial of his second petition.

Under these circumstances, even if the "prejudice" prong of the Sixth Circuit's "cause and prejudice" analysis in its 1995 ruling might be affected by the recent amendments to the sentencing guidelines for crack cocaine offenses, it is difficult to see how Defendant could establish the requisite "cause" for his repeated failures to challenge his career offender designation, whether on direct appeal or in either of his first two motions brought under § 2255. Surely, if Defendant was able to advance this challenge on appeal from the denial of his second § 2255 motion, nothing prevented him from raising this issue in the underlying second § 2255 motion itself, much less in the first § 2255 motion he filed two years earlier. Moreover, it is no answer to contend that such a challenge need not have been brought on direct appeal or in Defendant's first § 2255 petition because, at the time, it would not have produced a different sentencing guideline range. The Sixth Circuit has rejected precisely this sort of attempt to re-introduce previously forfeited sentencing challenges into a proceeding brought under § 3582(c)(2), reasoning that it would "impose[] a materiality aspect on the duty to preserve [objections] that does not exist in our precedent." *Metcalfe,* 581 F.3d at 459-60.

5

2009 motion to file supplemental brief instanter (docket #1529) is GRANTED.  IT IS

FURTHER ORDERED that Defendant's March 14, 2008 motion to reduce his sentence

(docket #1436) is DENIED.


                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated: November 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2010, by electronic and/or ordinary mail.

                                    s/Ruth A. Gunther
                                    Case Manager